GREENBERG TRAURIG LLP
200 Park Avenue, P.O. Box 677
Florham Park, New Jersey  07932-0677
David Jay (DJ 7221)
Clark P. Russell (CR 0415)
(973) 360-7900
(973) 301-8410 (fax)
Attorneys for Plaintiff Lorillard Tobacco Company

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORILLARD TOBACCO COMPANY, a Delaware corporation, | : Civil Action No. |
| | : |
| Plaintiff, | : |
| v. | : **VERIFIED COMPLAINT** |
| AMANAT FOOD SERVICE, INC. d/b/a MAMA'S FRIED CHICKEN and RAHMAT ALI, | : |
| | : |
| Defendants. | : |

Plaintiff Lorillard Tobacco Company ("Lorillard") complains of Amanat Food Service, Inc. d/b/a Mama's Fried Chicken and Rahmat Ali as follows:

### THE PARTIES

1.    Plaintiff Lorillard Tobacco Company is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 714 Green Valley Road, Greensboro, North Carolina.

2.    Upon information and belief, Defendant Amanat Food Service, Inc. d/b/a Mama's Fried Chicken is a New Jersey corporation with its principal place of business at 3148/3150 Westfield Avenue, Camden, New Jersey.  It has sold and offered

for sale within this District counterfeit cigarettes that infringe Lorillard's registered trademarks.

3.     Upon information and belief, Rahmat Ali is an individual who resides in this District and who owns, in whole or in part, Defendant Amanat Food Service, Inc. d/b/a Mama's Fried Chicken.  A copy of the report which identifies Rahmat Ali as the owner of Amanat Food Service, Inc. d/b/a Mama's Fried Chicken is attached hereto as Exhibit 1.  Rahmat Ali has sold and offered for sale within this District counterfeit cigarettes that infringe Lorillard's registered trademarks and/or has authorized, approved, or ratified such acts.

### JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121, as it involves substantial claims arising under the United States Trademark Act of 1946, 15 U.S.C. § 1051 et seq., together with related claims under state law.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) in that, among other things, a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6.     This Court has personal jurisdiction over Defendants, who reside in and/or conduct business within the State of New Jersey.

## NATURE OF ACTION

7.     This is an action for counterfeiting and infringement
of registered trademarks in violation of the Trademark Act of
1946, 15 U.S.C. § 1114(1); the use of false designations of
origin and false and misleading descriptions and representations
in violation of the Trademark Act of 1946, 15 U.S.C. § 1125(a);
dilution in violation of the Trademark Act of 1946, 15 U.S.C., §
1125(c); dilution in violation of N.J. Stat. Ann. § 56:3-13.20;
unfair competition in violation of the common law of the State
of New Jersey; and statutory unfair competition in violation of
N.J.S.A. 56:4-1 et seq.

## FACTS

8.     Lorillard is the third largest tobacco company in the
United States, manufacturing and selling top quality branded
cigarettes. All of Lorillard's cigarettes are manufactured in
accordance with strict quality control standards, enabling
Lorillard to establish and maintain, over many years, a
reputation among smokers for quality and consistency.

9.     Lorillard's leading brand is NEWPORT®, which was first
introduced to the market in 1956. Since then, Lorillard has
invested substantial time, effort and money in advertising and
promoting cigarettes under the NEWPORT® mark throughout the
United States. As a result of Lorillard's excellent reputation
and investment in its brands, NEWPORT® cigarettes have become

the leading brand of menthol cigarettes sold in the United
States, and the second leading cigarette brand overall, with
approximately eight percent of the national market. The NEWPORT®
mark has come to represent an extremely valuable asset belonging
exclusively to Lorillard.

10.   To protect its company reputation and product
investments, Lorillard has filed for and obtained federal
trademark registrations for its significant trademarks.
Specifically, Lorillard and its affiliates have obtained federal
registrations for the marks NEWPORT® (Reg. No. 1,108,876),
NEWPORT® (stylized) (Reg. No. 2,600,870), LORILLARD® (Reg. No.
1,920,066), Spinnaker Design® (Reg. No. 1,178,413), and NEWPORT
and Design® (Reg. No. 1,191,816). Copies of the certificates of
registration for these marks are attached as Exhibits 1-5,
respectively, to the Certification of Victor Lindsley, and
together they are referred to herein as the "Lorillard Marks."
Lorillard has the exclusive right to use the Lorillard Marks in
connection with any importation, sale, offer for sale, or
distribution of cigarettes in the United States. Lorillard's
manner of use of the Lorillard Marks can be seen from the
scanned images of the front and sides of a sample NEWPORT®
cigarette pack, attached hereto as Exhibit 2.

11.   Upon information and belief, Defendants have been
aware, since prior to the acts complained of herein, of the vast

goodwill represented and symbolized in the Lorillard Marks and
of the public recognition and reliance upon the Lorillard Marks
as identifying authentic products of Lorillard and
distinguishing Lorillard's products from the products of others.

12.   Notwithstanding their aforesaid knowledge, upon
information and belief, Defendants recently set upon a course of
conduct to misappropriate Lorillard Marks and goodwill
associated with them. Over the past several years, the federal
government and the State of New Jersey have substantially
increased taxes on cigarette sales. With these high tax levels,
bootleggers can price counterfeit cigarettes below prevailing
market prices and can pocket not only the profit on the
cigarettes themselves but also a substantial portion of what
would otherwise be owed to the government in taxes. To that end,
an increasing number of counterfeit cigarettes have been
imported into the United States and distributed in interstate
commerce, all in violation of federal and state laws and in
contravention of Lorillard's trademark rights.

13.   Upon information and belief, Defendants are offering
for sale and selling counterfeit products bearing the Lorillard
Marks, with the intent to confuse and mislead the public into
believing that Defendants' products are genuine Lorillard
products or have been sponsored or approved by Lorillard. In
fact, Defendants' counterfeit products have not been

manufactured, packaged, approved, or sold by Lorillard. Scanned images depicting the use of the Lorillard Marks on the counterfeit cigarettes sold by Defendants are attached as Exhibit A to the Certification of Edward F. O'Brien.  Said actions of Defendants constitute the counterfeiting and infringement of the Lorillard Marks.

14.  Lorillard has been damaged and is likely to be further damaged by Defendants' wrongful use of the Lorillard Marks in that the purchasing public is likely to be induced into purchasing Defendants' goods in the erroneous belief that they are Lorillard's authentic goods or that Defendants' goods are endorsed, sponsored, or approved by Lorillard, which they are not.

15.  Defendants have profited from their wrongful conduct by selling cigarettes to persons in the United States who otherwise would have bought genuine NEWPORT® brand cigarettes manufactured by Lorillard.

### CLAIMS FOR RELIEF

### COUNT I

### TRADEMARK COUNTERFEITING AND INFRINGEMENT
### (15 U.S.C. §1114(1))

16.  Lorillard repeats and realleges paragraphs 1 through 15 as if fully set forth herein.

17.   The Lorillard Marks are fanciful and arbitrary, and are associated in the minds of the public and consumers with Lorillard.

18.   Defendants have used the Lorillard Marks on Defendants' cigarettes without the approval or consent of Lorillard.

19.   Defendants' use of counterfeit symbols, logos, likenesses, and images is likely to cause confusion in the minds of the public, leading the public to believe that Defendants' cigarettes emanate or originate from Lorillard and/or that Lorillard has approved, sponsored or otherwise associated itself with Defendants' cigarettes, which is false.

20.   Defendants' conduct is intended to exploit the goodwill and reputation associated with the Lorillard Marks and to take a competitive advantage without expenditure of resources, by a strategy of willful infringement.

21.   Lorillard has no control over the quality of the cigarettes sold by Defendants. Because of the likelihood of confusion as to the source of Defendants' products, Lorillard's valuable goodwill in its trademarks is at the mercy of Defendants.

22.   Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Lorillard.

23.   Lorillard has no adequate remedy at law.

24.   As a result of Defendants' actions, Lorillard has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT II

### UNFAIR COMPETITION AND FALSE DESIGNATIONS OF ORIGIN AND FALSE AND MISLEADING REPRESENTATIONS (15 U.S.C. §1125(a))

25.   Lorillard repeats and realleges paragraphs 1 through 24 as if set forth herein.

26.   The aforesaid acts of Defendants constitute the use in commerce in connection with the Defendants' goods of symbols and devices and of false designations of origin and false or misleading descriptions and representations in violation of 15 U.S.C. § 1125(a).

27.   Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Lorillard.

28.   Lorillard has no adequate remedy at law.

29.   As a result of Defendants' actions, Lorillard has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

nj-fs1\73701v01

## COUNT III

### TRADEMARK DILUTION
### (15 U.S.C. § 1125(c))

30. Lorillard repeats and realleges paragraphs 1 through 29 as if set forth herein.

31. Defendants' aforesaid acts are likely to dilute the distinctive quality of the famous Lorillard Marks, in violation of 15 U.S.C. § 1125(c).

32. On information and belief, Defendants engaged in the aforesaid acts with the intent to trade on Lorillard's reputation or to cause dilution of the famous Lorillard Marks.

33. Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Lorillard.

34. Lorillard has no adequate remedy at law.

35. As a result of Defendants' actions, Lorillard has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT IV

### STATE TRADEMARK DILUTION
### (N.J.S.A. § 56:3-13.20)

36. Lorillard repeats and realleges paragraphs 1 through 35 as if set forth herein.

37.   Defendants' aforesaid acts are likely to dilute the distinctive quality of the famous Lorillard Marks, in violation of N.J.S.A. § 56:3-13.20.

38.   Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Lorillard.

39.   Lorillard has no adequate remedy at law.

### COUNT V

### COMMON LAW UNFAIR COMPETITION

40.   Lorillard repeats and realleges paragraphs 1 through 39 as if set forth herein.

41.   The aforesaid acts of Defendants constitute the sale and passing-off of their products as Lorillard's products, infringement, imitation, and misappropriation of Lorillard's trademarks, unjust enrichment, and unfair competition with Lorillard in violation of Lorillard's rights at common law.

42.   Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Lorillard.

43.   Lorillard has no adequate remedy at law.

44.   Upon information and belief, Defendants' conduct was oppressive, fraudulent, and malicious, entitling Lorillard to an award of punitive damages.

## COUNT VI

### STATUTORY UNFAIR COMPETITION
### (N.J.S.A. § 56:4-1 et *seq.*)

45.   Lorillard repeats and realleges paragraphs 1 through 44 as if set forth herein.

46.   Defendants' conduct as alleged above constitutes an unlawful, unfair, or fraudulent business practice in violation of N.J.S.A. § 56:4-1 et *seq*.

47.   Defendants' statutory violations and other wrongful acts have injured and threaten to continue to injure Lorillard, including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of its trademarks.

48.   Defendants have realized revenue and profits by virtue of their wrongful acts that they otherwise would not have obtained and to which they are not entitled.

49.   Lorillard has also been injured and will continue to incur attorneys' fees and costs in bringing the present action.

50.   Lorillard has no remedy at law for the wrongful actions of Defendants.

**WHEREFORE** Plaintiff Lorillard prays for judgment against Defendants as follows:

> (a)   That Defendants and their agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of their

successors or assigns, be preliminary and
permanently enjoined and restrained from directly
or indirectly:

(1)  using the Lorillard Marks, or any
     reproduction, counterfeit, copy, or
     colorable imitation of said marks, in
     connection with the importation, sale, offer
     for sale, or distribution of cigarettes that
     are not genuine Lorillard cigarettes;

(2)  using the Lorillard Marks, or any
     reproduction, counterfeit, copy, or
     colorable imitation of the same, in any
     manner likely to cause others to believe
     that Defendants' products are connected with
     Lorillard or are genuine Lorillard products;

(3)  passing-off, inducing, or enabling others to
     sell or pass off any merchandise which is
     not genuine Lorillard merchandise as genuine
     Lorillard merchandise;

(4)  making any false or misleading statements
     regarding Lorillard or its goods, or the
     relationship between Lorillard and
     Defendants;

(5)  committing any other acts calculated to
     cause purchasers to believe that Defendants'
     products are genuine Lorillard products;

(6)  shipping, delivering, holding for sale,
     importing, distributing, returning,
     transferring, or otherwise moving or
     disposing of in any manner such cigarettes
     or packaging falsely bearing one or more of
     the Lorillard Marks or any reproduction,
     counterfeit, copy, or colorable imitation of
     the same; and

(7)  assisting, aiding, or abetting any other
     person or business entity in engaging in or
     performing any of the activities referred to
     in the above subparagraphs (a) through (f).

(b)  That Defendants and any and all persons
     controlled by or acting in concert with

Defendants be required to deliver to Lorillard for destruction all goods, packages, and any other written or printed materials that bear or depict the Lorillard Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same, or anything other than genuine Lorillard cigarettes, or that are otherwise in violation of this Court's order issued pursuant hereto, and all means for making the same.

(c)    That Defendants be required to account to Lorillard for Defendants' profits from the sale of counterfeit and infringing cigarettes and for such sum in addition thereto as the Court shall find just.

(d)    That this case be found exceptional and Lorillard awarded its attorneys fees pursuant to 15 U.S.C. § 1117(a).

(e)    That Lorillard recover the damages arising out of Defendants' wrongful acts in a sum equal to three times the actual damages suffered by Lorillard, as provided in 15 U.S.C. § 1117(b).

(f)    That Lorillard be awarded statutory damages in lieu of actual damages, as provided in 15 U.S.C. § 1117(c).

(g)    That Defendants be required to disgorge their profits and other ill-gotten gains.

(h)    That Lorillard have and recover taxable costs of this action, including reasonable attorney's fees and interest.

(i)    That Lorillard be awarded punitive damages in view of Defendants' wanton and deliberate illegal acts committed with oppression, fraud, or malice.

(j)    That Defendants be ordered to file with the Court and serve upon Lorillard, within thirty (30) days after the service of the injunction upon Defendants, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment entered pursuant to this Complaint.

(k)   That Lorillard be awarded such other and further
      relief as this Court deems just and proper.

_____
David Jay (DJ 7221)
Clark P. Russell (CR 0415)
Attorneys for Plaintiff
Lorillard Tobacco Company

GREENBERG TRAURIG LLP
200 Park Avenue, P.O. Box 677
Florham Park, NJ 07932-0677
(973) 360-7900
(973) 301-8410 (fax)

Dated:   January 25, 2006

**VERIFICATION**

STATE OF NORTH CAROLINA  )
                                      )   ss.
COUNTY OF GUILFORD      )

    **EDWARD F. O'BRIEN**, being duly sworn, deposes and says:

    I am a managing agent of Lorillard Tobacco Company, the plaintiff herein.  I have read the foregoing Complaint and know the contents thereof, and the same are true to my own knowledge, except as to the matters stated to be alleged upon information and belief, and as to those matters I believe them to be true.

    I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                                      _Edward J. O'Brien_
                                             EDWARD F. O'BRIEN

Executed on January 25, 2006

Sworn to before me this
25th day of January, 2006



Notary Public

nj-fs1\73701v01

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Lorillard hereby demands a jury trial on all issues triable by a jury.

_____
David Jay (DJ 7221)
Clark P. Russell (CR 0415)
Attorneys for Plaintiff
Lorillard Tobacco Company

GREENBERG TRAURIG LLP
200 Park Avenue, P.O. Box 677
Florham Park, NJ 07932-0677
(973) 360-7900
(973) 301-8410 (fax)

Dated:   January 25, 2006

# EXHIBIT 1

# D&B Business Information Report

Copyright 2006 Dun & Bradstreet - Provided under contract for the exclusive use of subscriber 063092267L

ATTN: **13341.040153 tsang**

Report Printed: JAN 23 2006
**In Date**

## BUSINESS SUMMARY

**MAMAS FRIED CHICKEN**
AMANAT FOOD SERVICE
**3150 Westfield Ave**
**Camden, NJ 08105**

This is a **single** location.

| | | | |
|---|---|---|---|
| | | **D-U-N-S Number:** | 12-686-1157 |
| **Telephone:** | 856 964-7002 | **D&B Rating:** | -- |
| **Manager:** | RAHMAT ALI, OWNER | | |
| **Year started:** | 2003 | | |
| **Employs:** | 1 | | |
| **History:** | INCOMPLETE | | |
| **SIC:** | 5812 | | |
| **Line of business:** | Eating place | | |

## SUMMARY ANALYSIS

**D&B Rating:--**

The blank rating symbol should not be interpreted as indicating that credit should be denied. It simply means that the information available to D&B does not permit us to classify the company within our rating key and that further enquiry should be made before reaching a decision. Some reasons for using a "-" symbol include: deficit net worth, bankruptcy proceedings, insufficient payment information, or incomplete history information. For more information, see the D&B Rating Key.

Below is an overview of the company's rating history since 09/30/05:

| D&B Rating | Date Applied |
|---|---|
| -- | 09/30/05 |

The Summary Analysis section reflects information in D&B's file as of January 23, 2006.

## CUSTOMER SERVICE

If you have questions about this report, please call our Customer Resource Center at 1.800.234.3867 from anywhere within the U.S. If you are outside the U.S. contact your local D&B office.

*** Additional Decision Support Available ***

Additional D&B products, monitoring services and specialized investigations are available to help you evaluate this company or its industry. Call Dun & Bradstreet's Customer Resource Center at 1.800.234.3867 from anywhere within the U.S. or visit our website at www.dnb.com.

## HISTORY

The following information was reported **09/30/2005**:

**Management:**   RAHMAT ALI, OWNER

Ownership information provided verbally by Rahmat Ali, owner, on Mar 12 2004.

Business started 2003.

RAHMAT ALI. Work history unknown.

## OPERATIONS

09/30/2005

**Description:**     Operates a restaurant, specializing in chicken.

Territory : Local.

**Employees:**     1 which includes owner.

**Facilities:**     Occupies premises in building.

## SIC & NAICS

**SIC:**
Based on information in our file, D&B has assigned this company an extended 8-digit SIC. D&B's use of 8-digit SICs enables us to be more specific to a company's operations than if we use the standard 4-digit code.

The 4-digit SIC numbers link to the description on the Occupational Safety & Health Administration (OSHA) Web site. Links open in a new browser window.

**NAICS:**
722211  Limited-Service Restaurants

58129904          Chicken restaurant

## PAYMENT SUMMARY

D&B has not received a sufficient sample of payment experiences to establish a PAYDEX score.

The Payment Summary section reflects payment information in D&B's file as of the date of this report.

Below is an overview of the company's dollar-weighted payments, segmented by its suppliers' primary industries:

| | Total Rcv'd (#) | Total Dollar Amts ($) | Largest High Credit ($) | Within Terms (%) | Days Slow <31 31-60 61-90 90> (%) | | | |
|---|---|---|---|---|---|---|---|---|
| **Top industries:** | | | | | | | | |
| Nonclassified | 1 | 2,500 | 2,500 | 100 | - | - | - | - |
| Telephone communictns | 1 | 50 | 50 | 100 | - | - | - | - |
| **Other payment categories:** | | | | | | | | |
| Cash experiences | 0 | 0 | 0 | | | | | |
| Payment record unknown | 0 | 0 | 0 | | | | | |
| Unfavorable comments | 0 | 0 | 0 | | | | | |
| **Placed for collections:** | | | | | | | | |
| With D&B | 0 | 0 | | | | | | |
| Other | 0 | N/A | | | | | | |
| Total in D&B's file | 2 | 2,550 | 2,500 | | | | | |

The highest **Now Owes** on file is $0

The highest **Past Due** on file is $0

D&B receives nearly 400 million payment experiences each year. We enter these new and updated experiences into D&B Reports as this information is received.

PAYMENT DETAILS

**Detailed Payment History**

| Date Reported (mm/yy) | Paying Record | High Credit ($) | Now Owes ($) | Past Due ($) | Selling Terms | Last Sale Within (months) |
|---|---|---|---|---|---|---|
| 12/05 | Ppt | 2,500 | 0 | 0 | | 1 mo |
| | Ppt | 50 | 0 | 0 | | 6-12 mos |

**Payments Detail Key:** red = 30 or more days beyond terms
Each experience shown is from a separate supplier. Updated trade experiences replace those previously reported.

**FINANCE**

**09/30/2005**

Sources contacted verified information on February 17, 2005.

**PUBLIC FILINGS**

The following Public Filing data is for information purposes only and is not the official record. Certified copies can only be obtained from the official source.

**SUITS**

| | |
|---|---|
| **Status:** | **Pending** |
| **DOCKET NO.:** | L 001283 01 |
| **Plaintiff:** | ABIGAIL HERNANDEZ |
| **Defendant:** | MAMAS FRIED CHICKEN |
| **Cause:** | AUTO NEGLIGENCE |
| **Where filed:** | CAMDEN COUNTY SUPERIOR COURT, CAMDEN, NJ |
| | |
| **Date status attained:** | 03/01/2001 |
| **Date filed:** | 03/01/2001 |
| **Latest Info Received:** | 08/17/2001 |

If it is indicated that there are defendants other than the report subject, the lawsuit may be an action to clear title to property and does not necessarily imply a claim for money against the subject.

The public record items contained in this report may have been paid, terminated, vacated or released prior to the date this report was printed.

**GOVERNMENT ACTIVITY**

**Activity summary**

| | |
|---|---|
| Borrower (Dir/Guar): | NO |
| Administrative debt: | NO |
| Contractor: | NO |
| Grantee: | NO |
| Party excluded from federal program(s): | NO |

**Possible candidate for socio-economic program consideration**

| | |
|---|---|
| Labor surplus area: | YES (2005) |
| Small Business: | YES (2006) |
| 8(A) firm: | N/A |

The details provided in the Government Activity section are as reported to Dun & Bradstreet by the federal government and other sources.



# New Jersey State Business Gateway Ser
## Corporate and Business Information Reporting

## Business Entity Status Report

**Printing Instructions:** Open your Browser's Page Setup menu and set your page margins to 0.25". Use
Browser's Print option to print the report as seen on screen.

**Saving Instructions:** Save this file to your hard drive for later viewing by using the Browser's "Save As"
**All available information is displayed.**

---

**Status Report For: AMANAT FOOD SERVICE, INC.**

**Business Name:** AMANAT FOOD SERVICE, INC.                    **Report Date:** 01/23/

**Business ID Number:** 0100901804                    **Transaction Number: Sequence:** 848479

---

**Business Type:** DOMESTIC PROFIT CORPORATION

**Status:** ACTIVE

---

**Filing Date:** 04/08/2003                    **Home Jurisdiction:** NJ

**Status Change Date:**                    **Stock Amount:** 200

**DOR Suspension Start Date:**                    **DOR Suspension End Date:**

**Tax Suspension Start Date:**                    **Tax Suspension End Date:**

**Annual Report Month:** 4

**Last Annual Report Filed:**

**For Last Annual Report Paid Year:**

---

**Incorporator:** RAHMAT ALI

**Agent:** RAHMAT ALI

**Agent Address:** 3150 WEST FIELD AVE

CAMDEN, NJ  08105

**Office Address Status:** Deliverable

**Main Business Address:**

**Principal Business Address:**

---

**Associated Names**

**Name:**                    **Type Description:**

**Exit**        **Return to Main List**

**If you would like to receive photocopies of documents filed by this business entity, mail your request to
Trenton, NJ 08625. Indicate the Business Entity Number(s) involved and the type of document you wish to
of. Your choices are listed below:

**CHARTER DOCUMENTS**
Original Certificate Only (For example, Certificate of Incorporation);
Changes and Amendments to the Original Certificate Only; **OR**
All Charter Documents (Original Certificate and Changes/Amendments)
    And/or
**ANNUAL REPORTS**
Copy of Latest Annual Report; **OR**
Copy of Annual Report for a Specific Year(s) (List the Year Desired)

**The photocopy fee for all entities except limited liability companies is $1 per page. For limited liability companies,
for the first page and $2 per page thereafter.**

The total fee amount for your order will vary depending on the number of pages associated with each filed
you request. You may supply us with a check with a NOT TO EXCEED instruction to cover the costs. Make
payable to the Treasurer, State of New Jersey. Alternately, you may pay by credit card (provide card#/exp
and cardholder information) or depository account. Please include a self-addressed envelope with your ord
have any questions or would like information on alternative service options such as over-the-counter expe
service, call 609-292-9292 (option 3 on the main menu and then option 8), weekdays, 8:30 a.m. to 4:30

Privacy Policy

# EXHIBIT 2





